IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SMITH, *et al.*                            :
                                           :
                                           :
   v.                                      :   Civil No. CCB-16-2484
                                           :
                                           :
MCIC, INC., *et al.*                       :
                                           :

## MEMORANDUM

Plaintiff Marvin Smith and his wife Patricia sued Union Carbide Corp., along with numerous other individuals and companies (collectively, the "Defendants"), in the Circuit Court for Baltimore City, Maryland, for products liability claims related to Mr. Smith's asbestos exposure and subsequent diagnosis of malignant pleural mesothelioma. On July 5, 2016, defendant Crane Co. ("Crane") removed the action to this court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[1] (Crane Notice of Removal, ECF No. 1).

Pending before the court is plaintiffs' motion to remand. The issue has been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, the plaintiffs' motion to remand will be granted.

## BACKGROUND

Smith served as a Fireman in the United States Navy from 1951 until 1954. (Pls.' Answers to Defs.' Joint Interrog. 5, ECF No. 408-1). After an honorable discharge, Smith worked as a fireman and warehouseman at various shipyards and warehouses until his retirement. (Smiths' Mot. for Remand 2–3, ECF No. 408). In April 2015, Smith was diagnosed

---

[1] 28 U.S.C. § 1442(a)(1) authorizes removal of "civil action[s] . . . commenced in a State court . . . against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof . . . relating to any act under color of such office."

1

with malignant pleural mesothelioma, a consequence of exposure to asbestos fibers over the course of his career. (*Id.* at 2). On June 11, 2015, plaintiffs filed suit in the Circuit Court for Baltimore City, alleging strict liability, breach of warranty, negligence, fraud, conspiracy, market share liability, and loss of consortium. (Compl., ¶¶ 1–6, ECF No. 2). Crane was named as a defendant. (Compl., ECF No. 2).

Plaintiffs claim that the removability of the case under federal officer jurisdiction was ascertainable on September 9, 2015, when Smith was deposed in this case. (Smiths' Mot. for Remand 3). Describing his service in the Navy during his deposition, Smith stated that he "reported to the [*USS*] *Dortch* January 22, [19]52 in the Philadelphia Naval Shipyard." (Dep. Test. of Marvin Smith 5, ECF No. 408-2). Smith further detailed that he was "assigned to the after engine room" while on the *USS Dortch*, where he served "the whole time [of his Navy career] until October 1954." (*Id.*). While working in the engine room, Smith "cut[] gaskets to repack the pumps" on small steam lines. (*Id.* at 6). He also "remove[d] and replace[d]" valves, including removing the pillows attached to the valves for metal laces. (*Id.* at 20). Crane manufactured and sold "equipment, including valves, for Navy ships under contracts between Crane Co. and the shipyards and/or the United States of America, specifically the Navy Department." (Aff. of Anthony D. Pantaleoni 2, ECF No. 1-3).

Crane claims that removability was only ascertainable once plaintiffs filed supplemental answers to the defendants' joint interrogatories on June 30, 2016. (Crane Opp'n to Smiths' Mot. for Remand 1, ECF No. 602). In the June 30, 2016, supplemental answers, plaintiffs stated that Smith was exposed to asbestos from "equipment . . . manufactured and sold by . . . Crane Co." on the *USS Dortch*. (Pls.' Suppl. Answers to Defs.' Joint Interrog. 5, ECF No. 1-2). Crane filed its notice of removal on July 5, 1016. (*Id.* at 1). By Crane's timeline, the notice of removal was

within 30 days of its receipt of plaintiffs' supplemental answers and therefore timely. Plaintiffs allege removal needed to occur by October 9, 2015, 30 days after the defendants received Smith's deposition testimony that specified the exact ship he served on during his Navy career. Alleging untimely removal, plaintiffs filed a motion for remand on August 19, 2016. (Smiths' Mot. for Remand 1).

## ANALYSIS

To remove a case to federal court under 28 U.S.C § 1446(a)-(b), a defendant ordinarily must file a notice of removal in district court within 30 days after receiving the initial pleading. If the removability of the case is not ascertainable in the initial pleading, the defendant may remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C § 1446(b)(3).

In determining when the defendant had notice for grounds of removal, the court must "rely on the face of the initial pleading and on the documents exchanged in the case." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). Grounds for removal must be "apparent within the four corners of the initial pleading or subsequent paper;" the defendant will not be held liable for knowledge of removability if "details [we]re obscured or omitted" or inadequately stated in the complaint. *Id.* The "other paper" requirement "is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996).

Plaintiffs claim the information in the September 9, 2015, deposition, specifically Mr. Smith's alleged asbestos exposure while serving on the *USS Dortch* in the U.S. Navy at shipyards in Philadelphia and Brooklyn, was detailed enough for Crane to ascertain removability.

Judge Russell of this District addressed a similar issue in a trio of cases decided on October 5, 2012. *Bing v. Alltite Gaskets*, No. GLR-12-458, 2012 WL 4764774 (D. Md. Oct. 5, 2012);[2] *Covington v. Owens Illinois Glass Co.*, No. GLR-12-461, 2012 WL 4764883 (D. Md. Oct. 5, 2012); *Hurley v. Alltite Gaskets*, No. GLR-12-462, 2012 WL 4764901 (D. Md. Oct. 5, 2012). In each case, General Electric (one of numerous defendants sued by the respective plaintiffs) filed a notice of removal under the federal officer removal statute that the plaintiff contended was untimely. *Bing*, 2012 WL 4764774, at *1; *Covington*, 2012 WL 4764883, at *1; *Hurley*, 2012 WL 4764901, at *1.

The court held General Electric's removal timely in all three cases because the notice of removal was filed within 30 days of defendants' receiving the plaintiffs' answers to interrogatories. *Bing*, 2012 WL 4764774, at *2; *Covington*, 2012 WL 4764883, at *2; *Hurley*, 2012 WL 4764901, at *2. The answers to interrogatories identified, for the first time, "the exact Navy ships [plaintiff] was aboard when he was allegedly exposed to asbestos." *Bing*, 2012 WL 4764774, at *2. The additional detail of the exact Navy ships provided "the triangular nexus between [plaintiff], GE, and the U.S. Navy Vessels allegedly a part of the asbestos exposure." *Id.* Once General Electric received that information, it "was given knowledge that federal officer removability was available." *Id.*

As Judge Bennett later explained, the 30 day clock for federal officer removability "begins ticking when the initial pleading or other appropriate paper reveals the nexus between the plaintiff's claims and actions allegedly taken by the defendant under the direction of a federal officer." *Houser v. Ammco Tools, a/k/a Hennessy Indus., Inc.*, No.RDB-13-1179, 2013 WL 3364377, at *4 (D. Md. July 2, 2013). In cases involving alleged asbestos exposure aboard Navy ships, "the identity of the exact U.S. Navy ships on which the plaintiff was allegedly exposed to

---

[2] Unpublished cases are cited not for their precedential value but for the soundness of their reasoning.

the defendant's asbestos products gave the defendants adequate notice" to trigger the 30 day removal timeframe. *Id.*; *see also Ross v. Airbus S.A.S.*, No. WDQ-13-1052, 2013 WL 5887521, at *3 (D. Md., Oct. 30, 2013); *Bing*, 2012 WL 4764774 at *5; *Covington*, 2012 WL 4764883 at *5; *Hurley*, 2012 WL 4764901 at *5.

In another case, where removal was initiated more than 30 days after the defendant learned of the identity of the specific U.S. Navy ships on which the plaintiff was allegedly exposed, removal was declared untimely and the case was remanded to state court. *Dilks v. 4520 Corp., Inc.*, No. WDQ-12-2758, 2012 WL 6625867, at *4 (D. Md. Dec. 18, 2012).

The information in the September 9, 2015, deposition, specifically the identification of the *USS Dortch* as the Navy ship on which Smith served and was allegedly exposed to asbestos, was sufficient to put Crane on notice that the action was subject to removal. As such, Crane's notice of removal needed to be filed within 30 days after the September 9, 2015, deposition. Crane's July 5, 2016, notice of removal was untimely.

## CONCLUSION

For the reasons stated above, the Smiths' motion to remand will be granted. A separate order follows.

<u>October 27, 2016</u>                                                   <u>        /S/         </u>
Date                                                                                Catherine C. Blake
                                                                                         United States District Judge